In the Matter of Cathedral Arms, Inc., Petitioner, against Joseph D. McGoldrick, as State Rent Administrator, Respondent.

Supreme Court, Special Term, New York County, March 24, 1953.

*Freedman & Lilienthal* for petitioner.

*Robert H. Schaffer* and *I. Walton Bader* for respondent.

Eder, J. This is a proceeding under article 78 of the Civil Practice Act to review and annul certain orders of the Temporary State Housing Rent Commission, referred to in the petition, which denied a certificate of eviction to the petitioner and to direct the respondent State Rent Administrator to issue a certificate of eviction.

The building in question comes within the provisions of section 83 of the Multiple Dwelling Law, which requires: " Whenever there are thirteen or more families occupying any multiple dwelling and the owner does not reside therein, there shall be a janitor, housekeeper or some other person responsible on behalf of the owner who shall reside in and have charge of such dwelling ".

Pursuant to the above enactment petitioner must employ a resident overseer who shall be in charge of the building. This is not in dispute. Accordingly, the petitioner sought a certificate of eviction under section 54 of the Rent and Eviction Regulations. Occupancy of the tenant's apartment was sought for a resident superintendent. The certificate was denied, it being the policy of the respondent administrator not to issue a certificate of eviction unless it is shown that an actual violation has been placed against the building by the department of

housing and buildings of the City of New York, which has jurisdiction of the enforcement of the provisions of said section 83 of the Multiple Dwelling Law.

In other words, until said city department actually files a violation against the building for failure to comply with said section 83, it follows that there is no need for a certificate of eviction.

There is no merit to this position. The manifest duty of the landlord, and it is an imperative and mandatory one, is that he must comply with the statute, and failure to do so is a violation thereof, per se, and it is stated may subject the landlord to criminal prosecution.

The petitioner is thus placed in the hazardous position of being obliged to wait the attitude or action of the said city department charging it with failure to comply with the statute before being held to be entitled to a certificate of eviction; that by the filing of a violation against the building then and only then has the landlord established an immediate and compelling necessity for the apartment desired for occupancy by a resident superintendent.

It is an erroneous and impossible view, both from a logical and legal standpoint and cannot be accepted.

The petitioner desires to comply with the statute, now, and is under no duty to wait until a violation has been filed against the building and it is subject to criminal prosecution.

The determination of the respondent and the orders complained of are annulled and respondent is directed to issue a certificate of eviction as prayed for.

Settle order.